# SUPREME COURT.

### FIELD AND STONE agt. MORSE.

The plaintiffs sued the defendant by service of summons issued under the first subdivision of § 129 of the Code; which stated that if the defendant should fail to answer the complaint to be filed, the plaintiffs would take judgment for $333·41 with interest, &c.

The defendant not having any defence to such claim, suffered judgment by default. An execution was issued against his property and returned unsatisfied; when the plaintiffs proceeded to issue execution against his person. On examination of the complaint filed, the defendant found that it contained specific allegations of fraud, in the purchase of the property for which the debt was created.

*Held*, that the plaintiffs could not do that. They should have issued their summons under the *second* subdivision of § 129.

And further, that if the defendant had taken issue on the question of fraud, and it had been found in his favor, he would have been entitled to judgment. The plaintiffs could not have judgment for their debt, because the *gravamen* of the action was fraud.

Whether if the complaint had not contained any allegations of fraud, an execution might have issued against the person. *Quere?*

*Monroe Special Term*, 1852. *Motion to set aside a judgment.* The action was commenced in November 1851, by the service of a summons, without a copy of the complaint. The summons, in conformity with the first subdivision of the 129th section of the Code, stated that if the defendant should fail to answer the complaint to be filed, the plaintiffs would take judgment for $333·41, with interest from the 8th of October. The defendant admitting his indebtedness to the amount stated in the summons, and being, as he states in his affidavit, insolvent and wholly unable to pay the debt, did not appear, and on the 13th of December 1851, a judgment was perfected for the amount of the debt with costs. Execution having been issued upon the judgment, and returned by the sheriff unsatisfied, the plaintiffs' attorneys wrote to the defendant on the 18th of February, stating that they had "*now the right to issue an execution against the body*," and suggesting the expediency of making some arrangement to prevent it. The defendant, upon receiving this letter, immediately caused

Field and Stone agt. Morse.

an examination to be made, with the aid of counsel, and then learned from the complaint on file that he was charged with having fraudulently contracted the debt, and the alleged frauds were specifically set forth in the complaint, with the design, as he believed, in case judgment should be recovered by default, of subjecting the defendant to imprisonment upon execution. The defendant states that had he been apprised of the nature of the action, he should have defended it; and that he could have done so successfully. Upon an affidavit showing these facts the defendant moved to set aside the judgment, and to be let in to defend the suit. In opposition to the motion affidavits were read tending to establish the allegations of fraud set forth in the complaint.

M. S. Newton, *for Plaintiffs.*

F. L. Durand, *for Defendant.*

Harris, Justice.—It has been well said that under our present system of practice, every action is an action on the case (*Per* Gridley, J. in Minor vs. Terry, 6 *How. Pr. R.* 208). In such an action, the plaintiff was required to set forth particularly the facts upon which he relied as the ground of his action. So now, in every case, the plaintiff is required to set forth the particular facts which go to constitute his cause of action. By the facts, thus alleged, he must stand or fall. If, in the judgment of the court, they do indeed constitute a valid cause of action, and are established by proof or otherwise, the plaintiff recovers the judgment appropriate to the facts. The judgment is *secundum allegata et probata.*

The Code also requires the plaintiff in the process by which he commences his action, to apprise the defendant, when it is founded on contract, and a recovery of money only is sought, for what amount he claims to recover judgment, and, in other cases, that if the defendant fails to answer, he will apply to the court for such relief as may be specified in his complaint. In pursuance of this requirement, the plaintiffs in this action informed the defendant that their action was upon contract, and they stated the amount which they claimed to recover. Against such an action the defendant had no defence to make. He admits that he was

justly indebted to the plaintiffs, upon contract, to the amount stated in their summons. But when he has occasion to examine the complaint to which the summons refers he finds there set forth a very different cause of action; one which, instead of merely alleging his indebtedness to the plaintiffs, affects his reputation and his liberty. The gravamen of the complaint is, that by various false representations and fraudulent devices particularly set forth, the defendant had induced the plaintiffs to part with their goods, and thus he had become indebted to them to the amount stated. The action, as stated in the complaint was founded upon a wrong, and not a contract. The summons, therefore, should have been under the *second* and not the first subdivision of the 129th section (Flynn agt. the Hudson River Rail Road Company, 6 *How. Pr. R.* 308; Masten vs. Scovel, *id.* 315). In this respect, therefore, the plaintiffs' practice was irregular.

Had the defendant been apprised of the nature of the allegations in the complaint, it is not to be supposed he would have suffered judgment to pass against him by default. And if he had appeared and answered the allegation of fraud, an issue of fact would have been formed, which, if found in his favor, would have entitled him to judgment. For I can not agree with the plaintiffs' counsel that, upon such a complaint, the plaintiffs would have been entitled to judgment for their debt, even though the issue upon the allegations of fraud should be found against them. What could be more unreasonable than that the plaintiffs should be permitted to enter upon such a litigation with the assurance that, though *defeated*, they must *triumph;* that though the issue be found against them, they would recover judgment for their debt, with the costs of their unsuccessful litigation. The court would not find itself shut up to any such injustice. The plaintiffs having selected the form of their allegations against the defendant, must sustain them or fail in their action.

That the defendant is liable to imprisonment upon the judgment as it now stands, there can be no doubt. Whether if the complaint had merely set forth the indebtedness of the defendant upon the sale of the goods, without any allegations of fraud, an•

execution against the body might have been issued upon the judgment, is a question not yet settled. The effect of the 179th section of the Code was very elaborately discussed by Mr. Justice SHANKLAND, in Corwin vs. Freeland (6 *How. Pr. R.* 341). The point in judgment in that case was, whether an order of arrest obtained before judgment, and upon which the defendant had been arrested and had given bail, was of itself, an authority for issuing an execution against the body, there being nothing in the judgment itself which would justify such an execution. It was held that a defendant who had been arrested upon an execution under such circumstances, might maintain an action for false imprisonment. To this extent that case. must be regarded as authority. . Nor can there be a doubt of the correctness of the decision.

The learned judge who delivered the opinion in that case, besides examining the question immediately before the court, has done what I am now permitting myself to do, and examined some questions not necessary to the decision in hand, though kindred thereto. In most of the views he has expressed I entirely concur. To all the six propositions with which he winds up his extended and very able discussion I assent, excepting only the *first*.

I am unable to see upon what argument or provision in the Code, he founds his conclusion that " where the cause of arrest exists at the time of drawing the complaint, that cause should be stated therein." As I understand the Code, nothing can properly be inserted in the complaint, even though it may constitute a cause of arrest. if it do not also constitute the cause of action, or a part of it. The complaint is to contain the facts constituting a cause of *action,* not a cause of *arrest.* If the facts alleged as a cause of action also show that the defendant is liable to arrest, it is very well; but when, as it may sometimes happen, the facts which constitute the cause of action are entirely distinct and different from those which show that the defendant is liable to arrest, the latter facts ought not to be inserted as allegations in the complaint, and if they are they should be removed upon motion, as not properly belonging to that pleading. The liability of the defendant to arrest, *in case judgment shall be recovered*

against him, is not an issuable fact which can be properly alleged in pleading.

In most, perhaps all cases, except when the recovery is upon a contract, the record itself will show whether the defendant is liable to imprisonment. The cause of action, as set forth in the complaint, and the cause of arrest are the same. The same facts which establish the plaintiffs' cause of action will also establish the liability of the defendant to be imprisoned upon execution. But when the action is founded upon contract, it may or may not be so. In such cases, I understand the rule of law to be substantially as stated in Mr. Justice Shankland's *third proposition*. If the liability to arrest is shown by the facts upon which the recovery is had, that, of course, is enough. But when such liability does not appear, as may well happen in the cases for which the 5th subdivision of the 179th section of the Code provides, then the plaintiff may at his peril issue execution against the body, though his right to such execution does not appear upon the record, and, if prosecuted for such arrest, or, if a motion is made to set aside the execution, he must establish the facts which authorized the arrest. The radical error, indeed, I may say, the only error, as it seems to me, into which the very able judge whose opinion I have been noticing has fallen, is in assuming that the plaintiff may, whether it constitute a part of his cause of action or not, allege in his complaint, and thus tender an issue upon the facts which he claims will render the defendant liable to imprisonment. Upon this question, as I have before had occasion to say (Masten vs. Scovel, 6 *Howard*, 315), I concur entirely in the views expressed by Mr. Justice WELLES in Cheney vs. Garbutt (5 *Howard*, 467).

The judgment in this action must be set aside, and the defendant may have the usual time to answer, after being served with a copy of the complaint. The plaintiffs are also to be at liberty to amend their summons, if they shall see fit. Neither party is to have costs upon the motion.